

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Jordan Ginsberg*
*Assistant United States Attorney*
*Chief, Public Integrity Unit*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3075*
*Fax: 504-589-4390*

August 6, 2025

Honorable Lance M. Africk
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C-405
New Orleans, Louisiana 70130

      Re:    *United States v. Daniel Wayne Callihan*
               Criminal Docket No. 25-001 "I"

Dear Judge Africk:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Daniel Wayne Callihan, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Kerry Cuccia, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      This plea agreement is predicated upon the decision of the Attorney General of the United States (or his designee) to not seek the death penalty against Daniel Wayne Callihan in this case. If defendant Callihan chooses to rescind this plea agreement and plead not guilty after the Attorney General or his designee decide to not seek the death penalty, the United States Attorney's Office for the Eastern District of Louisiana has the right to use this document and the defendant's admitted factual basis as an admission of his guilt to the charged offenses, in the government's case in chief, in connection with the federal trial in the above-referenced matter.

      If the Attorney General of the United States (or his designee) decides to seek the death penalty in the case against Daniel Wayne Callihan, this plea agreement and the attached factual basis will be null and void and neither document will be introduced or mentioned in any court proceeding or trial by either the government or defense.

      The defendant has agreed to plead guilty to Counts One and Two of the Superseding Indictment. The defendant has agreed to waive his right to be charged by Indictment in this matter. Count One charges the defendant with kidnapping resulting in death, in violation of Title 18,

Page **1** of **6**

AUSA *JG*
Defendant *DWC*
Defense Counsel *[signature]*

United States Code, Section 1201(a). Count Two charges the defendant with transportation of a minor with the intent to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a).

The Government has agreed that should the Court accept the defendant's plea of guilty to the Superseding Indictment, the Government will not seek the death penalty with regard to Count 1. The defendant understands the maximum penalties he may receive should his plea of guilty be accepted as are follows:

**Count One**: A minimum term of life imprisonment and, subject to Title 18, United States Code, Section 3593, a maximum penalty of death, and a fine of $250,000.

**Count Two**: A minimum term of imprisonment of ten years, up to a maximum term of life imprisonment, and a fine of $250,000.

Under the provisions of Title 18, United States Code, Section 3559(d)(1)(A), the mandatory minimum sentence for Count 1 is life imprisonment. The defendant understands that the Court may impose any sentence (or portion thereof) for Count One either concurrent or consecutive to any sentence (or portion thereof) imposed for Count Two. The defendant further understands that the Court may impose any sentence (or portion thereof) concurrent or consecutive to any sentence imposed in any other jurisdiction, including, but not limited to, the 21st Judicial District (Louisiana), *State of Louisiana v. Callihan,* Case No. 2401198, and Hinds County (Mississippi) Circuit Court, *State of Mississippi v. Callihan*, Case No. 24-466.

The defendant further understands that the terms of this plea agreement are not contingent upon the disposition of any case or sentence imposed in any matter pending in another jurisdiction, including those identified in the paragraph above.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant further understands that the restitution provisions of Section 2429 of Title 18, United States Code, will apply as to Minor Victim 2. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

The defendant further understands that an additional mandatory assessment of $5,000.00 shall be imposed for each applicable count under the provisions of Section 3014 of Title 18, United States Code (the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, § 101 (2015)), in the event that defendant's underlying conduct occurred after May 29, 2015. This assessment shall be collected in the same method as the mandatory special assessment imposed under Section 3013 of Title 18, United States Code. This assessment shall be placed in the Domestic Trafficking Victims' Fund to be used for the purposes set forth in Section 3014(e) of Title 18, United States Code. This assessment shall be imposed only in the event that the Court determines that the

AUSA  VG
Defendant  DnC
Defense Counsel

defendant is not indigent. This assessment is not payable until all other fines, orders of restitution, and any other victim compensation obligations arising out of the defendant's criminal conviction have been paid.

Further, the defendant understands that a mandatory special assessment fee of $100.00 for each count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment. Counts One and Count Two each carries a supervised release term of no less than five (5) years and up to life pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.    Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.    Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and

AUSA _VG_
Defendant _Dwa_
Defense Counsel _JPA_

further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

      c.      Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

      d.      The defendant specifically does not waive and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture

AUSA _JG_
Defendant _DwC_
Defense Counsel ___

constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he resides or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. He has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, Title 18 United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

AUSA _JG_
Defendant _DwC_
Defense Counsel _GPC_

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

_____  8-6-25
JORDAN GINSBERG              Date
SARAH DAWKINS
Assistant United States Attorneys

_____  8-6-25
KERRY CUCCIA                 Date
Attorney for Defendant

_____  8-6-2025
DANIEL WAYNE CALLIHAN        Date
Defendant